PER CURIAM.
James T. Manna appeals the trial court’s denial of his motion to dismiss the charge of introducing contraband into a county detention facility. He argues that the motion should have been granted because he did not voluntarily introduce the contraband into the jail; instead, he was himself “introduced” into the county jail against his will after his arrest for DUI and other criminal offenses.
After being placed under arrest and patted down for weapons, but before being taken to jail, appellant was asked three times by the arresting deputy whether he had any contraband in his possession. He was advised that if he had contraband on *867 his person and brought it into the jail, he would face additional criminal charges pursuant to section 951.22, Florida Statutes (2000). Despite such warnings, appellant denied having any drugs on his person. Detention officers later found a marijuana cigarette in his sock during a routine booking search.
We find no error in the trial court’s denial of appellant’s motion to dismiss. The undisputed evidence shows that appellant chose to bring the marijuana into the county jail facility after declining an opportunity to relinquish possession of it before being transported to the facility. Appellant complains that the only way to avoid the charge of introducing contraband into the jail was to give up his Fifth Amendment right against self-incrimination and admit to possessing marijuana. However, as a practical matter, the marijuana would have been inevitably discovered during a routine booking search of appellant at the county jail.
AFFIRMED.
SHAHOOD, TAYLOR, JJ„ and OWEN, WILLIAM C., Senior Judge, concur.